Todd M. Ritter, Esquire (VSB # 40020)
Daniels, Williams, Tuck & Ritter
11901 Iron Bridge Road
P.O. Box 3570
Chester, Virginia 23831
(804) 748-9803
(804) 796-2706 (fax)
tritter@danielswilliamstuckandritter.com
*Counsel for James H. Martin, Jr.*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTIRCT OF VIRGINIA
### Newport News Division

| | | |
|---|---|---|
| In Re: | ) | |
| James H. Martin, Jr. | ) | Case No. 13-51244-FJS |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| LUCK STONE CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 14-05003-FJS |
| | ) | |
| JAMES H. MARTIN, JR. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF MOTIN
TO DISMISS BY DEFENDANT/DEBTOR JAMES H. MARTIN, JR.**

The Debtor, James H. Martin, Jr.("Martin"), by and through his counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7012, hereby submits the following Memorandum of Law in support of his Motion to Dismiss with prejudice the Adversary Complaint for Determination of the Non-Dischargeability of Debt filed against him by Luck Stone Corporation.

## INTRODUCTION/FACTUAL BACKGROUND

The Plaintiff ("Luckstone") requests an order declaring that the debt owed to it by Martin is non-dischargeable under 11 U.S.C. 523(a)(4). Luckstone's complaint describes a lengthy history between itself and J.H. Martin & Sons Contractors, Inc., a Virginia corporation of which Martin was the sole shareholder. J.H. Martin & Sons Contractors, Inc., was a site work contractor that performed excavation and grading services on various construction and real estate development projects. For many years, Luckstone supplied stone and related materials on an open account to J.H. Martin & Sons Constractors, Inc.. By 2009, J.H. Martin & Sons, Inc.'s account with Luckstone had fallen significantly past due. On or about October 22, 2009, J.H. Martin & Sons, Inc., signed a promissory note agreeing to pay the balance due in full by July 31, 2010. J.H. Martin & Sons, Inc., failed to pay the balance in full by that date. Thereafter, on or about January 4, 2011, Luckstone sued J.H. Martin & Sons, Inc., alleging breach of contract; and, Martin, alleging a breach of guaranty agreement, in Fairfax County Circuit Court, and obtained judgment in April 2012.

In its single-count complaint against Martin, Luckstone maintains that its debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4). It bases this position on allegations that Martin breached a fiduciary duty owed to them through his role in the transfer of certain assets from J.H. Martin & Sons, Inc.. The Complaint asserts that such allegations amount to a claim against Martin for defalcation while acting in a fiduciary capacity. Luckstone is wrong. Under the prevailing law of this District, no fiduciary relationship for the purposes of § 523(a)(4) existed between Martin and Luckstone. Consequently, Luckstone has not stated a claim for which relief can be granted. Accordingly, Martin respectfully requests that the Court dismiss Luckstone's claim with prejudice.

**STANDARD OF REVIEW**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), applied herein by Federal Rule of Bankruptcy Procedure 7012, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating the sufficiency of a complaint for Rule 12(b)(6) purposes, a court should take all well-pled allegations in a complaint as true and construe all allegations in a light most favorable to the plaintiff. *See, GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). However, the court should not accept as true any conclusory allegations devoid of any reference to actual events. *See, e.g., Eastern Shore Markets, Inc. v. J.D. Assocs. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see also O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000)("Judgment should be entered when the pleadings construing the facts in the light most favorable to the non-moving party, fail to state any cognizable claim for relief, and the matter can, therefore be decided as a matter of law.")(citations omitted). Moreover, while the court accepts as true all well-pleaded facts, it is not required to accept allegations that are legal conclusions. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)("[A]lthough a court must accept as true all factual allegations contained in a complaint, such deference is not accorded to legal conclusions stated therein. The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion pursuant to Rule 12(b)(6)").

**ARGUMENT**

Section 523 of the Bankruptcy Code contains a number of exceptions to discharge, only one of which is relevant here. Section 523(a) provides that:

(a)    A discharge . . . does not discharge an individual debtor from any debt . . .

3

(4) for fraud, *or defalcation while acting in a fiduciary capacity*, embezzlement, or larceny.

(emphasis added).

An exception to discharge must be strictly construed. *Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 59 L.Ed. 717 (1915). "Exceptions to discharge are narrowly construed in furtherance of the Bankruptcy Code's fresh start policy …." *Century 21 Balfour Real Estate v. Menna (In re Menna)*, 16 F.3d 7, 9 (1st Cir. 1994); see *Grogan v. Grogan*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)(endorsing the "fresh start" policy). The burden of proof to establish defalcation is on the creditor. *In Re Menna* 16 F.3d at 9 (a clamaint must prove his "claim comes squarely within an exception enumerated in Bankruptcy Code § 523(a)").

To succeed on a claim of fiduciary defalcation, "a creditor must ordinarily make a two-part showing: (1) that the debt in issue arose while the debtor was acting in a fiduciary capacity; and (2) that the debt arose from the debtor's fraud or defalcation." *Kubota Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 497-498 (4th Cir. 2008)(citations omitted); *see also, Racetrac Petroleum, Inc. v. Khan (In re Khan)*, 463 B.R. 786, 792 (E.D.Va. 2011). Accordingly, the exception from discharge applies only to a debt created by a person who was *already a fiduciary when the debt was created. Global Express Money Orders, Inc. v. Davis* (In re Davis), 262 B.R. 673, 682 (Bankr. E.D.Va. 2001)(emphasis added).

Courts have long held that *"fiduciary capacity"* in this context is tightly defined. "In *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934), the Supreme Court narrowly defined the scope of those individuals who could be held to act in a fiduciary capacity." *In re Khan,* 463 B.R. 786, 792 (E.D. Va. 2011)(observing "[i]n this respect, *Davis* is consistent with more than a century of Supreme Court precedent that has narrowly restricted the

4

scope of who is a 'fiduciary' for dischargeability purposes."). "The concept of 'fiduciary' under Section 523(a)(4) of the Bankruptcy Code is different from and narrower than analogous state law concepts." *In re Sparrow*, 306 B.R. 812 (Bankr. E.D.Va. 2003)(referring to *In Re Zoldan*, 221 B.R. 79 (Bankr.S.D.N.Y. 1998), for a detailed examination of this principle). Specifically, "in the Eastern District of Virginia, courts restrict the term 'fiduciary' as used in §523(a)(4) to 'the class of fiduciaries including trustees of specific written declarations of trust, guardians, administrators, executors or public officers and, absent special considerations, does not extend to the more general class of fiduciaries such as agents, bailees, brokers, factors and partners..'" *In Re McKnew,* 270 B.R. 593 (Bankr. E.D.Va. 2001)(*citing In re Lewis,* 94 B.R. 406 (Bankr.E.D.Va. 1988)(emphasis added). Accordingly, under these principles, courts decline to impose liability under §523(a)(4) except where an express trust has been found. *See*, *In Re McKnew*, 270 B.R. 593 at 624 ("the bankruptcy courts of the Eastern District of Virginia are reticient to impose liability under §523(a)(4) except in those instances where the Courts found an express trust."); *see also*, *In re Strack*, 524 F.3d 493, 497 n.6 (4th Cir. 2008); *Harrell v. Merchant's Express Money Order Co. (In re Harrell)*, 173 F.3d 850, No. 98-1728, 1999 WL 150278 (4th Cir. Feb. 19, 1999)(unpublished table decision holding that 523(a)(4) is limited to express or technical trusts); *Clark v. Taylor (In re Taylor)*, 58 B.R. 849, 852 (Bankr.E.D.Va. 1986)(holding the existence of a partnership does not *per se* create a fiduciary relationship within the meaning of §523(a)(4)); *Commonwealth of Va. Comm'n. of Game & Inland Fisheries v. Myers (In re Myers)*, 52 B.R. 901, 904 (Bankr.E.D.Va.1985)(holding no fiduciary relationship existed between state and debtors who failed to remit license proceeds because there was no intent to create a trust in state statutes); *Harmon v. Scott (In re Scott)*, 203 B.R. 590, 596 (Bankr.E.D.Va. 1996)(paying in advance for services did not create express trust); *Snap On*

*Tools Corp. v. Rigsby (In re Rigsby)*, 18 B.R. 518 (Bankr.E.D.Va. 1982)(holding that consignment and dealer agreements between debtor and creditor did not create express trust).

The precise issue here is whether Martin was acting in a fiduciary capacity for Luckstone when the debt was created. Under a straightforward application of the aforementioned legal principles, he was not. Prevailing law limits the term "fiduciary capacity" to instances involving technical or express trusts. Luckstone's Complaint alleges no such instance. It does not attempt to. Instead, the Complaint simply invites this Court to transform an ordinary debtor-creditor relationship into a fiduciary relationship based on Martin's actions well after the debt was created. Even assuming (for argument's sake) that Martin owed a fiduciary duty to Luckstone because Luckstone was a creditor of the dissolving corporation of which he was an officer, such a fiduciary duty is not the equivalent of the term "fiduciary capacity" as used in §523(a)(4). The fact that Luckstone cannot distinguish its claim from that of any other creditor of the corporation and Martin, but alone seeks to exempt its claim from discharge, illustrates that it misapprehends the narrow scope of "fiduciary capacity" used in the statute. That terminology is limited to express or technical trusts that existed before the defalcation claim arose. Because there was no pre-existing trust that falls within this narrow framework, Martin could <u>not</u> have acted in a "fiduciary capacity" for the purposes of §523(a)(4). Hence, Luckstone's claim must fail.

In addition, Luckstone cannot maintain that its debt "was created by a person who was already a fiduciary when the debt was created", nor can it claim its debt "*arose* from [Martin's] fraud or defalcation". The debt to Luckstone was based on a standard open account that existed for years and fell seriously past due (at the latest) in early 2009. It was incurred well before the corporation's dissolution plan in the summer of 2010. At the time of the debt, there was plainly no fiduciary duty owed by Martin to Luckstone by any definition. Moreover, even assuming

6

Martin's later conduct constituted defalcation (which it did not), the debt did not arise from it. It certainly did not occur while Martin acted in a fiduciary capacity within the narrow confines of §523(a)(4). Accordingly, §523(a)(4) simply does not apply. Luckstone's Complaint should be dismissed.

## CONCLUSION

To prevail under §523(a)(4), Luckstone must show (i) its debt arose while Martin acted in a fiduciary capacity and (ii) that the debt arose from his defalcation. Under the prevailing law of the Eastern District of Virginia, "fiduciary capacity" is narrowly construed to involve actions by individuals under express or technical trusts that pre-existed the alleged defalcation. Luckstone's Complaint does not allege such a pre-existing trust - because it cannot - and further amendment to its pleading would be futile. Luckstone has not (and cannot) stated a claim for which relief can be granted. Accordingly, Martin respectfully requests that this Court enter an order dismissing the Complaint with prejudice and granting him such other and further relief, including reasonable attorney's fees, as is just and appropriate under the circumstances.

Dated: March 10, 2014

        Respectfully Submitted,

        James H. Martin, Jr.


        By  /s/ Todd M. Rittter_____
            Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2014, I caused a copy of the foregoing to be served via the Court's CM/ECF system or by first class, U.S. Mail, postage prepaid, upon the following:

Paul Schrader, Esquire
Fullerton & Knowles, P.C.
12642 Chapel Road
Clifton, Virginia 20124

David R. Ruby, Esquire
ThompsonMcMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219

                                                      /s/ Todd M. Ritter
                                                        Todd M. Ritter